**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| v. | ) | 2:22cr00056 |
| | ) | **Electronic Filing** |
| **CEDANO ANTHONY HOLYFIELD** | ) | |

**MEMORANDUM OPINION**

On March 9, 2022, a grand jury returned a three-count indictment against Cedano
Holyfield ("defendant") and his co-defendant, Jobe Franks.   Defendant is specifically charged at
Counts One and Three – at Count One with conspiracy to possess with intent to distribute 400
grams or more of fentanyl, from in and around October of 2021, and continuing thereafter until
in and around December of 2021, in violation of Title 21, United States Code, Section 846; and
at Count Three with possession with intent to distribute 400 grams or more of fentanyl and 500
grams or more of cocaine, on or about February 11, 2022, in violation of Title 21, United States
Code, Sections 841(a)(1), 841(b)(1)(A)(vi), and 841(b)(1)(B)(ii).  Presently before the court are
defendant's Motion for Disclosure of Promises of Immunity, Leniency or Preferential Treatment,
Motion for Disclosure of Evidence Favorable to the Defense, Motion for Government Witness
List, Motion for Government Exhibit List, Motion for Pretrial Disclosure of the Government's
Intent to Rely on "Similar Act" Evidence, and Motion for Reports of Scientific Experiments.  For
the reasons set forth below, defendant's motions will be granted in part and denied in part.

Defendant's Motion for Disclosure of Promises of Preferential Treatment, Motion for
Disclosure of Evidence Favorable to the Defense, Motion for Government Witness List and
Motion for Government Exhibit List present discovery requests.  Through these motions

defendant seeks the usual litany of any and all exculpatory evidence, impeachment material, and information relating to witness cooperation.  As to impeachment material, defendant requests the following information for any prospective government witness: 1) their arrest and conviction records, 2) a complete statement of any preferential treatment, 3) any inconsistent statements or other information that may be used to impeach or discredit the witness, 4) the identification of any pending charges against the witness, 5) the identification of individuals who displayed photographs in any attempt to obtain identification testimony (and failed to positively identify defendant), 6) any reports, memoranda or statements about any effort to obtain identification testimony, and 7) the disclosure of all of the above as it relates to the asserted co-conspirators to Count One.  Defendant requests that all impeachment material be produced within 10 days of the court's order on the motion.

The government filed a response acknowledging its obligations under Rule 16, Brady v. Maryland, 373 U.S. 83 (1963), and Giglio v. United States, 405 U.S. 150 (1972).  In doing so, it explicitly asserts that it has complied with and will continue to comply with such authority. Further, it contends that it will provide all pertinent information sought by defendant's motion for discovery in advance of trial.

To the extent defendant's motions seek the disclosure of statements, information and things beyond (1) that which the government has made or has agreed to make available and (2) the dictates that flow from Rule 16 and Brady, the motions will be denied for a number of reasons.  First, in responding to the motions, the government has acknowledged its Rule 16 obligations and has indicated it will comply with those obligations fully.  Rule 16 was not designed to provide a defendant with a vehicle to discover the government's case in detail or the strategy it intends to pursue at trial.  United States v. Fioravanti, 412 F.2d 407, 410 (3d Cir.),

2

cert. denied, 396 U.S. 837 (1969).  Nor is the rule designed to provide a defendant with verification that the use of anticipated evidence at trial by the defense is not vulnerable to attack by evidence within the government's possession.  United States v. Randolph, 456 F.2d 132, 136 (3d Cir.), cert. denied, 408 U.S. 926 (1972).  In fact, in sharp contrast with these propositions, the United States Court of Appeals for the Third Circuit has recognized that discovery in criminal cases is limited to those areas delineated in Rule 16, "with some additional material being discoverable in accordance with statutory pronouncements and the due process clause of the Constitution."  United States v. Ramos, 27 F.3d 65, 67-68 (3d Cir. 1994).  As a general matter these other areas are limited to the Jencks Act and materials available pursuant to the so-called "Brady doctrine."  Id. at 68.[1]

Second, the government has no obligation to produce an outline of the evidence it will offer at trial.  A defendant is not entitled to conduct a wholesale review of the government's investigation.  See Weatherford v. Bursey, 429 U.S. 545, 559 (1977) (there is no general constitutional right to discovery in a criminal case).  Nor is a defendant entitled to obtain a list of the government's witnesses through discovery.  See United States v. DePasquale, 740 F.2d 1282, 1294 (3d Cir. 1984), cert. denied, 469 U.S. 1228 (1985).  Similarly, there is no authority to support a defendant's request for the specifics of each government witness' proposed testimony.  See Fioravanti, 412 F.2d at 410 (a defendant has no right to discover the minutia of the government's evidence or the manner in which it will be used).  And even assuming arguendo that this court has some residual discretion to order the pretrial disclosure of the government's evidence in appropriate circumstances, the current record falls woefully short of presenting

---

[1]  The Jencks Act provides that any statement or report made by a government witness which relates to the subject matter of the witness' testimony must be disclosed after the witness has testified under direct examination.  See 18 U.S.C. § 3500(b).

sufficient grounds to justify such an extraordinary measure.[2]

Third, the statements of co-conspirators, whether indicted or not, are not available to the defendant under Rule 16.  8 J. Moore, MOORE'S FEDERAL PRACTICE, 16.04[1], 16-64.  Every circuit court to address the issue has held that such statements are not discoverable under Rule 16 and that disclosure of such statements is governed by the Jencks Act, regardless of whether the co-conspirator will be called as a witness.  See United States v. Tarantino, 846 F.2d 1384, 1418 (D.C. Cir.), cert. denied, 488 U.S. 840 (1988); United States v. Roberts, 811 F.2d 257, 258 (4th Cir. 1987) (en banc); United States v. Diaz, 834 F.2d 287 (2d Cir. 1987), cert. denied, 488 U.S. 817 (1988).   These courts have reasoned that disclosure of such statements is governed by the Jencks Act because the government must present some witness who will testify to the unavailable co-conspirator's statements.  Accordingly, to the extent defendant requests pretrial disclosure of the actual co-conspirator statements through the identification of witnesses and exhibits or other information bearing on any non-witness declarants whose statements are to be offered at trial, the request must be denied.[3]

Another area potentially remaining in dispute concerns the disclosure of impeachment material.  As a general matter, a defendant's requests for impeachment material such as the criminal records of and promises or inducements made to prospective government witnesses raise issues under Brady and the Jencks Act.  In Brady v. Maryland, 373 U.S. 83 (1963), the Supreme Court held that due process requires the disclosure of "evidence favorable to an accused

---

[2]  Defendant acknowledges in his motions for witness and exhibit lists that he does not have the right to compel production of the government's witnesses and evidence in advance of trial.  He nevertheless requests the government to provide disclosure of same 30 days before trial so he adequately can prepare for trial.

[3]  In contrast, to the extent the government has information that significantly undermines the truthfulness of a critical non-witness declarant, such information may well fall within the scope of Brady even though discovery of the specific statement is not otherwise available.

upon request . . . where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." Id. at 87. The Supreme Court subsequently held that evidence which may be used to impeach the testimony of a government witness falls within the ambit of Brady when the credibility of the witness may have an effect on the jury's determination of guilt or innocence. See Giglio v. United States, 405 U.S. 150, 154 (1972); see also United States v. Starusko, 729 F.2d 256, 260 (3d Cir. 1984); Ramos, 27 F.3d at 68 (Brady material includes "materials that might affect the jury's judgment of the credibility of a crucial prosecution witness") (quoting United States v. Hill, 976 F.2d 132, 134-35 (3d Cir. 1992)). In United States v. Agurs, 427 U.S. 97, 107 (1976), the Supreme Court modified the Brady rule to require the government to disclose exculpatory evidence even when the defendant has not requested the information. Id. at 107; see also United States v. Perdomo, 929 F.2d 967, 970 (3d Cir. 1991).

The so-called Brady doctrine generally is understood as a rule of minimum fairness. United States v. Higgs, 713 F.2d 39, 42 (3d Cir. 1983), cert. denied, 464 U.S. 1048 (1984). It establishes a prosecutorial obligation rather than a general rule of pretrial discovery. The government thus has an obligation to produce favorable material bearing on a defendant's culpability or punishment as well as material bearing on the credibility of any witness who will be used to establish material matters at trial. This obligation is not to be used, however, to permit a defendant to obtain wholesale discovery of the government's principal case. See Higgs, 713 F.2d at 42; United States v. Bocra, 623 F.2d 281, 285 (3d Cir. 1980).

It is well-settled that the government's obligations under Brady require it to disclose actual exculpatory evidence without undue delay. Brady impeachment material ordinarily must be disclosed "in time for its effective use at trial." Higgs, 713 F.3d at 44; United States v.

Blackwell, 954 F. Supp. 944, 968 (D.N.J. 1997).  A district court has general discretionary authority to order the pretrial disclosure of Brady impeachment material and that discretion is to be exercised in a manner which "ensure[s] the effective administration of the criminal justice system."  Government of Virgin Islands v. Martinez, 847 F.2d 125, 127 (3d Cir. 1988); Blackwell, 954 F. Supp. at 968.  To the extent such material exists, the government indicates it intends to disclose it with sufficient time for defendant "to make effective use of it at trial."

While the court recognized in Higgs that a defendant's due process rights to a fair trial are not violated where the disclosure of Brady impeachment material occurs in time to be used effectively, subsequent cases by the Third Circuit have reiterated and encouraged adherence to the long-standing policy of promoting the early production of all types of Brady material, including impeachment and so-called Higgs materials.  See Starusko, 729 F.2d at 261 (citing United States ex rel. Marzeno v. Gengler, 574 F.2d 730, 739 (3d Cir. 1978); United States v. Kaplan, 554 F.2d 577, 578 (3d Cir. 1977)); see also United States v. Giampa, 904 F. Supp. 235, 281 (D.N.J. 1995); Blackwell, 954  F. Supp. at 968.  The government's early production of Higgs-type impeachment material may well overlap with its subsequent production under the Jencks Act and provide defendant with "advanced" notice of certain witnesses the government intends to use at trial.  Nevertheless, the court notes that after disclosure is made defense counsel can more fully advise his client regarding the appropriate development of the case, including consideration of any plea agreement offered by the government.  In light of all of the circumstances, the government is encouraged to disclose all Brady impeachment material without further delay, and in any event it will be ordered to produce all such material no later than ten business days prior to trial.[4]

---

[4]  Of course, this ruling has no bearing on the government's disclosure of information that falls

Defendant specifically moves for access to and copies of any scientific tests or analyses conducted by the government in connection with the case. This includes fingerprint tests, DNA tests, laboratory results on drugs or evidence assertedly seized, and any comparisons that were performed on any materials, objects or property assertedly seized or obtained. In addition, defendant requests the "complete report" by any scientist or expert involved in conducting the same, including a description of the object tests, exemplars or standards used in conjunction with any latent prints, identification of the tests performed and the procedures followed in conjunction therewith, any worksheets developed and the chain of custody for the latent prints. Finally, he requests all handwriting analyses or comparisons performed on anything seized or obtained in connection with the case.

In response, the government acknowledges its responsibility to produce materials falling within the purview of Rule 16. It represents that it already has disclosed "numerous reports detailing chemical analysis of suspected controlled substances performed at [a] Drug Enforcement Administration laboratory, and reports detailing fingerprint and DNA analysis at a Federal Bureau of Investigation laboratory." Government Omnibus Response (Doc. No. 80) at p. 46. It commits to disclosing any additional reports as they become available.

Rule 16(a)(1)(F) mandates the disclosure of reports of examination and tests of any

---

solely under the Jencks Act. It is well-settled that the plain language of the Jencks Act precludes a court from compelling the disclosure of Jencks Act material prior to the completion of a government witness' testimony on direct examination. See United States v. Hill, 976 F.2d 132, 140 (3d Cir. 1992); United States v. Murphy, 569 F.2d 771, 773 (3d. Cir.), cert. denied, 435 U.S. 955 (1978). Although courts lack the authority to order the early disclosure of Jencks material, the Third Circuit nevertheless has endorsed and encouraged the government's prevailing practice of committing to disclose Jencks material prior to trial. See Murphy, 569 F.2d at 773; Hill, 976 F.2d at 140. The government is encouraged to comply with the customary practice in this District to disclose all Jenck's material not falling within the scope of other aspects of this court's order at least five business days prior to trial.

physical examination or any scientific test or experiment of items within the possession of the government or known to exist, provided the report or test "is material to preparing the defense or the government intends to use the item in its case-in-chief."  Rule 16(a)(1)(G) sets forth the duties to disclose for any expert testimony that will be governed by Rules of Evidence 702, 703 or 705 and which the government intends to use in its case-in-chief or for rebuttal.  Subsection (G)(iii) requires that for each expert witness the required disclosure must include "a complete statement of all opinions that the government will elicit from the witness . . .; the bases and reasons for them; the witness's qualifications, including a list of all publications authored in the previous 10 years; and a list of all other cases in which during the previous 4 years, the witness has testified as an expert at trial or by deposition."  The government has an ongoing duty to supplement or correct all such disclosures.  Fed. R. Crim. P. 16(a)(1)(G)(vi).

The court is required to set a time for disclosure of all reports of examination and tests. Fed. R. Crim. P. 16(a)(1)(G)(ii).  The disclosures must be made "sufficiently before trial to provide a fair opportunity for the defendant to meet the government's evidence."  Id.  Local Rule 16 mandates that the government shall make available the available Rule 16 material at arraignment if requested and otherwise within 7 days of a defendant's request.  LCrR 16.B.  As to disclosures that have not yet been provided, other courts have found that fourteen days prior to trial provides the sufficient opportunity required by the Rule.  See United States v. Baldwin, Cr. No. 22-284, 2024 WL 1003968, at *6 (W.D. Pa. 2024) ("the Court will grant the Motion to Compel expert material and order the government to produce expert materials fourteen days prior to trial") (Horan, J.).

Defendant is entitled to timely disclosure of all reports of examination and tests within the scope of Rule 16(a)(1)(F).  The court will order the government to provide all such materials

as it becomes available to the government and at least 14 days prior to trial in any event.[5]  All

such disclosures will be required to comply with Rule 16(a)(1)(G)(iii).

Defendant also moves for timely notice of any similar act evidence the government

intends to introduce pursuant to Rules 404(b).  The government responds that a trial has not

been scheduled, but when a date is set, it will comply with Rule 404(b)'s notice and timing

requirements.

The government is required to give notice of its intention to use Fed. R. Evid. 404(b)

evidence prior to trial.  Rule 404(b) specifically provides "that upon request by the accused the

prosecution in a criminal case shall provide reasonable notice in advance of trial . . . of the

general nature of any evidence it intends to introduce at trial."

The rule requires only the disclosure of the general nature of the evidence the

government intends to introduce.  A demand for specific evidentiary detail, such as dates,

times, places and persons involved is overly broad.  See United States v. Alex, 791 F. Supp.

723 (N.D. Ill. 1992).  Thus, the disclosure of the general nature of such evidence is that which

is sufficient to put a defendant on notice as to which of his or her past episodes of conduct may

be used by the government at trial.

What constitutes as "reasonable notice in advance of trial" is determined by the

circumstances and complexity of the prosecution.  In Alex, the court ordered disclosure of Rule

404(b) evidence seven days prior to trial.  In contrast, the court in United States v. Williams,

792 F. Supp. 1120, 1133 (S.D. Ind. 1992), noted generally that disclosure within ten days prior

to trial constitutes reasonable advanced notice.  Similarly, in United States v. Evangelista, 813

---

[5]  If additional time is needed to provide such disclosures or reasonably prepare to meet the
same, either party may move for additional time.

F. Supp. 294, 302 (D.N.J. 1993), the court ruled that disclosure ten business days prior to trial is sufficient notice.

Here, the rule provides defendant with the right to formal notice of all potential Rule 404(b) evidence which the government intends to introduce at trial. Accordingly, the court will grant the defendant's Rule 404(b) motion and direct the government to provide the required general notice no later than ten business days prior to trial.[6]

For the reasons set forth above, defendant's pretrial motions will be granted in part and denied in part. An appropriate order will follow.

Date: September 9, 2024

<u>s/David Stewart Cercone</u>
David Stewart Cercone
Senior United States District Judge

cc:   Jerome A. Moschetta, AUSA
      Frank A. Rubino, Esquire

      United States Marshal's Office
      United States Probation Office

      (*Via CM/ECF Electronic Filing*)

---

[6] Defendant's request for pretrial disclosure of the identities of the individuals the government will use to introduce such prior bad act evidence at trial is denied for the same reasons set forth above in resolving defendant's motions for discovery.

10